IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                       Case No. 15-10152-1-JTM

FELIZARDO URIAS-AVILEZ,
        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Felizardo Urias-Avilez's Motion for Compassionate Release pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) (Dkt. 285). Defendant contends that his diagnoses for diabetes, hypertension, and hyperlipidemia put him at increased risk of life-threatening complications or death should he be infected with Covid-19 while in custody, and he asks the court to reduce his sentence to time served or order home confinement. (Dkt. 285, p. 2-3). The United States acknowledges defendant's diagnoses and treatment for these conditions, but contends that defendant cannot meet his burden to show that the balance of factors the court is required to consider favor compassionate release. (Dkt. 287, p. 14-15).

Defendant pled guilty on July 11, 2016 to a charge of Conspiracy to Distribute Methamphetamine (Dkt. 114). In his Petition to Enter Plea of Guilty, defendant admitted to possessing 50 grams or more of methamphetamine with an intent to distribute. (Dkt. 113, p. 1). A Presentence Investigation Report (PSR) prepared at the court's direction showed that defendant worked with a number of other individuals to obtain and distribute methamphetamine throughout the Wichita, Kansas area. (PSR, Dkt. 159, at p.

7-8). Those transactions included an instance where defendant ordered two pounds of methamphetamine from an individual in Phoenix, Arizona, which was shipped to Wichita by Federal Express and shown to contain 896.3 grams of pure methamphetamine after interception by law enforcement. (*Id.* at 7-8). Defendant also arranged a sale of two pounds of methamphetamine to a confidential informant. (*Id.* at 8). He is a citizen of Mexico who is in the United States illegally and has an Immigration and Customs Enforcement (ICE) detainer on his record rendering him subject to deportation at the end of his prison sentence. (*Id.* at 19-20). The PSR shows three prior contacts with ICE due to illegal reentry. (*Id.* at 19).

The United States admits that defendant has satisfied the prerequisite administrative exhaustion requirement of 18 U.S.C. section 3582(c)(1)(A). (Dkt. 287, p. 7); 18 U.S.C. § 3582(c). The remaining issue for the court's consideration is whether defendant has shown that, after considering the factors set forth in 18 U.S.C. § 3553(a), extraordinary and compelling reasons warrant a reduction to a time-served sentence and that the reduction is consistent with the Sentencing Commission's policy statements.[1] *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Parada*, 5:03-40053-JAR-1, 2020 WL 4589781 *6 (D. Kan. Aug. 10, 2020) (stating to the extent a defendant's medical

---

[1] The court has no jurisdiction to grant defendant's alternative request to serve the remainder of his sentence in home confinement.  Under the CARES Act, only the Bureau of Prisons has the authority to order home confinement. *See United States v. Nash*, 2020 WL 1974305, at *3 (D. Kan. Apr. 24, 2020)  ("the CARES Act authorizes the BOP – not courts – to expand the use of home confinement"); *United States v. Boyles*, 18-20092-JAR, 2020 WL 1819887 at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)).

2

circumstances meet the "extraordinary and compelling" standard, satisfaction of that burden does not resolve the issue of entitlement to release because the court must still consider the 3553(a) sentencing factors).

The 3553(a) factors relevant to defendant's request for compassionate release are (1) his personal history and characteristics, (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for the sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for any rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1) – (6). The court's review of those factors in light of the offense of conviction, defendant's admissions in the plea agreement and presentence interview, and his immigration status leads it to conclude that compassionate release is inappropriate.

Although defendant pled guilty to possession of over 50 grams of methamphetamine with an intent to distribute, the conduct behind the offense of conviction involved his movement and attempted sale of a much larger amount of methamphetamine. In addition, defendant admitted his active involvement in buying and selling drugs beyond methamphetamine, telling the United States Probation Office that "he bought and sold 'everything.'" (PSIR, p.18). Defendant is aware that he has remained in the country illegally, after overstaying a visitor's visa, and it appears that he has remained in the country illegally despite several prior contacts with ICE where he was directed to return to Mexico. (PSIR, p. 20).

Defendant was sentenced to a term of 168 months, the low end of the applicable guideline range. (PSIR, p. 23). That sentence was based upon the parties' Plea Agreement as well as the court's consideration of the 3553(a) sentencing factors, and was appropriate not only to provide just punishment for the offense, but to reflect the seriousness of that offense and promote respect for the law. Defendant began serving his sentence on October 3, 2016. With credit for time served his projected release date is September 3, 2028. (Dkt. 285-1, p. 6). As of July 27, 2020 defendant had served only 32 percent of his statutory term. (Dkt. 285-1, p. 6). Considering the serious nature of defendant's offense, his open admission to his active involvement in illegal drug sales, and his disregard for his immigration status, a reduction of his sentence to time served at this point would be a significant windfall that is unwarranted by the circumstances.

The court is unpersuaded by defendant's argument that other immigrant detainees have been released from a federal detention facility on their own recognizance due to Covid-19 concerns. (Dkt. 285, p. 4). The case cited by defendant, *Hope v. Doll*, 2020 WL 5035724 at * 1 (M.D. Pa. April 7, 2020) involved a group of individuals under civil detention pending final resolution of their immigration cases, not an individual serving a lengthy prison sentence for a crime he admits was committed while he was in the United States illegally.

The court recognizes that defendant suffers from diabetes, hypertension, and hyperlipidemia, serious medical conditions that may increase the chance of severe Covid-19 complications. There is no indication in his motion or medical records, however, that those conditions are not well-controlled and cannot adequately be treated within the BOP

4

system, and no indication that defendant would receive better treatment or face less risk of Covid-19 infection if he was immediately released from custody.[2] This is particularly true given the fact that defendant has failed to provide a detailed release plan. The plan provided by defendant consists only of a name, address, and phone number of an individual in Wichita. It does not address defendant's ICE detainer, which may subject defendant to immediate deportation. (PSR, p. 20). Nor does it address defendant's access to quality healthcare, substance abuse treatment, future employment, or any other type of supervision to ensure defendant does not fall back into his previous criminal behavior. "Shortening a defendant's sentence where there is no adequate release plan offers no benefit to the health of the inmate and the process likely further endangers the community into which the defendant is released." *United States v. Allison*, 2020 WL 3077150 at *4 (W.D. Wash. June 10, 2020).

The court finds that defendant's medical conditions, combined with the risk of complication from Covid-19 infection, do not provide extraordinary and compelling reasons for a reduction to a time-served sentence in light of the court's consideration of the 3553(a) sentencing factors. Even if defendant had not received a guideline sentence, the statutory minimum sentence he could have received for the crime to which he pled guilty was ten years. (PSR, p. 23). Defendant has served less than five years of his sentence

---

[2] The United States' Response notes the procedures BOP has implemented in order to mitigate the risks of Covid-19 infection in BOP custody. Unfortunately, no set of circumstances will reduce the risk of Covid-19 infection to zero in BOP facilities at this point in time. Nevertheless, the court is confident that the procedures BOP has implemented are the best available to reduce the risk of infection as much as possible while meeting BOP's other mandates.

to date. Releasing him to a time-served sentence would produce not only a below-guidelines sentence, but also a below statutory minimum sentence that does not reflect the seriousness of his criminal conduct, provide just punishment, discourage further criminal conduct, protect the public from future offenses, or promote respect for the law.

For those reasons, defendant's request for compassionate release is DENIED.

IT IS SO ORDERED this 11th day of January, 2021.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT