IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                               Case No. 15-10152-1-JWB

FELIZARDO URIAS-AVILEZ,

      Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion for clarification. (Doc. 297.) Defendant, who is proceeding pro se, asks the court to clarify his sentence computation. Defendant asserts that the current computation is not fair and that he has lost a year of credit that he has served based on his date of initial detention. Defendant, however, does not state whether he has presented this issue to the Bureau of Prisons ("BOP").

Under 18 U.S.C. § 3585(b)(1), "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences…as a result of the offense for which the sentence was imposed." However, the sentence calculation is performed by the BOP, not the court. *United States v. Meindl*, 269 F. App'x 849, 851 (10th Cir. 2008) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)). If Defendant disagrees with the calculation, Defendant can seek judicial review after exhausting his administrative remedies. *See Wilson*, 503 U.S. at 335 ("Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." (citations omitted)). The remedy program is set forth at 28 C.F.R. §§ 542.10 to 542.19. *Reed v.*

1

*United States*, 262 F. App'x. 114, 116 (10th Cir. 2008). Defendant does not state that he has exhausted this issue with the BOP. Defendant may seek review of a calculation only after exhausting his administrative remedies. *Id.* Therefore, this court lacks jurisdiction over Defendant's motion to the extent Defendant requests a sentence computation for time previously served.

Defendant's motion for clarification (Doc. 297) is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED. Dated this 13th day of July 2021.

                                                __s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE