IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No.  15-10152-1-JWB

FELIZARDO URIAS-AVILEZ,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion for compassionate release (Doc. 300) and motion to reduce sentence (Doc. 302).  The motions have been fully briefed.  (Docs. 301, 303, 304.[1])  Defendant's motions are DENIED for the reasons set forth herein.

## I.    Facts and Procedural History

On July 11, 2016, Defendant pleaded guilty to a charge of conspiracy to distribute methamphetamine.  (Doc. 114.)  In his plea petition, Defendant admitted to possessing 50 grams or more of methamphetamine with an intent to distribute. (Doc. 113 at 1). The Presentence Investigation Report (PSR) showed that Defendant worked with a number of other individuals to obtain and distribute methamphetamine throughout the Wichita, Kansas area. (Doc. 159 at 7-8.) Those transactions included an instance where Defendant ordered two pounds of methamphetamine from an individual in Phoenix, Arizona, which was shipped to Wichita by Federal Express and shown to contain 896.3 grams of pure methamphetamine after interception by law enforcement. (*Id.* at 7-8.) Defendant also arranged a sale of two pounds of

---

[1] Defendant did not file a reply brief with respect to his motion to reduce sentence (Doc. 302) and the time for doing so has now passed.

methamphetamine to a confidential informant. (*Id*. at 8.)  Defendant is a citizen of Mexico who is in the United States illegally and has an Immigration and Customs Enforcement (ICE) detainer on his record rendering him subject to deportation at the end of his prison sentence. (*Id*. at 19-20.) The PSR shows three prior contacts with ICE due to illegal entry. (*Id.* at 19.)

The calculated sentencing range under the guideline provisions was 168 to 210 months. (*Id.* at 23.)  On October 3, 2016, Defendant was sentenced to 168 months imprisonment. (Doc. 173.)  On October 15, 2020, Defendant filed his first motion for compassionate release arguing that medical conditions place him at increased risk of life-threatening complications or death should he contract COVID-19 while in custody. (Doc. 285.)  In January 2021, the court denied the motion after considering the statutory sentencing factors which did not support a reduction and further determining that Defendant had not shown that he would receive better treatment or face less risk of COVID-19 if released. (Doc. 288 at 5-6.)

On April 14, 2022, Defendant filed a second motion for compassionate release arguing that his serious health conditions warrant release, that he is needed to care for his two sons, and that his defense counsel was ineffective in failing to ask for a reduction in his sentence. (Doc. 300.) On May 9, 2022, Defendant filed a motion to reduce his sentence based on Amendment 782 of the Federal Sentencing Guidelines. (Doc. 302.)  The government opposes both motions.

II.     **Analysis**

A.     **Amendment 782**

First, Defendant moves for a sentence reduction under Amendment 782 of the Guidelines. The government opposes the motion on the basis that this amendment was already applied to his guideline calculation. Amendment 782 to the Guidelines went into effect "on November 1, 2014, and applies retroactively." *United States v. Goodwin*, 635 F. App'x 490, 493 (10th Cir. 2015).

Defendant was sentenced in October 2016, almost two years after the amendment went into effect. Moreover, according to the PSR, Defendant's sentence was calculated using the 2015 Guidelines Manual and incorporated all guideline amendments.  (Doc. 159 at 16.)  Therefore, because the amendment was applied in this case, Defendant's motion is DENIED.

### B.     Compassionate Release

Next, Defendant moves for compassionate release under the First Step Act.  "Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons warrant such a reduction…."  Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted[2] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant

---

[2] The government concedes that Defendant has exhausted his administrative remedies here.  (Doc. 301 at 5.)

has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021); *United States v. Vargas*, No. 13-10193-JWB, 2021 WL 4623586, at *1 (D. Kan. Oct. 7, 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno,* 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

Concerning the first requirement under Tenth Circuity authority, Defendant argues that his health conditions, the COVID-19 pandemic, his family situation[3], and defense counsel's alleged failure to ask for a sentencing reduction[4] constitute extraordinary and compelling circumstances that justify a sentence reduction to time served. The court finds it unnecessary to determine

---

[3] Defendant asserts that he needs to care for his two sons and his ailing father. The Tenth Circuit has held that caring for ailing parents is not grounds for release. *See United States v. Pepper*, 851 F. App'x 890 at 891 (10th Cir. 2021).

[4] Defendant argues that his defense counsel erred in failing to seek a sentencing reduction under *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), a case in which the D.C. Circuit held that a downward departure from the guidelines range "may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." *Id.* at 655. As noted by the government, such a claim must be raised under 28 U.S.C. § 2255. *See United States v. Wesley*, No. 07-20168-02-JWL, 2022 WL 715094, at *5 (D. Kan. Mar. 10, 2022) (citing *United States v. Williams*, 2020 WL 6059738, at *5 (D. Kan. Oct. 14, 2020) (compassionate release provision in § 3582(c)(1)(A) does not authorize relief based on a legal challenge to a defendant's conviction or sentence). Moreover, even if the court could consider such an argument, the court would not grant relief on this based or consider this circumstance to be extraordinary and compelling. *See United States v. Acevedo*, No. 00-3143-DES, 2000 WL 764563, at *2 (D. Kan. May 26, 2000) (finding that counsel was not ineffective for failing to raise an argument under *Smith*).

whether Defendant's circumstances rise to the level of extraordinary and compelling circumstances because a sentence reduction is not consistent with the sentencing factors in 18 U.S.C. § 3553(a).

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *McGee*, 992 F.3d at 1042. Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

During the investigation into Defendant's criminal activity, Drug Enforcement Administration agents intercepted telephone conversations and text messages between Defendant and other co-Defendants. Those calls established that Defendant was involved in the distribution of methamphetamine with his co-Defendants and others. Based on those calls, DEA agents determined that Defendant arranged for methamphetamine to be delivered to Wichita and stored at the home of co-Defendant Hippolito Meraz-Leyva. (Doc. 114 at 2.) Although Defendant pleaded guilty to a transaction involving a sale of two pounds of methamphetamine, the conduct behind the offense involved his movement and attempted sale of a much larger amount of methamphetamine. (Docs. 159 at 7-15; 288 at 3.) As noted by Judge Marten, Defendant also admitted his active involvement in selling drugs beyond methamphetamine, telling the United States Probation Office Based that "he bought and sold 'everything.'" (Doc. 288 at 3) (quoting Doc. 159 at 18.)

Although Defendant recognizes the severity of his crimes, Defendant argues that he has not had any disciplinary incidents while incarcerated, has completed several courses, has severe health conditions, and is needed at home to care for his sons and ailing father. Defendant's conduct

5

while incarcerated is commendable.  However, this conduct is outweighed by the criminal conduct discussed herein.  With respect to his family situation, Defendant has not shown that there are no other family members to care for his sons.  With respect to his health issues, Defendant has not shown that he is not receiving adequate health care while incarcerated.  Defendant also raises the issue of COVID-19.  However, Defendant has not shown that BOP has been unable to care for his alleged lingering COVID-19 symptoms.

Although the court is sympathetic to Defendant's medical conditions and related health concerns regarding the COVID-19 pandemic, his criminal conduct involved large scale drug distribution and he was one of the leaders.  (Doc. 159 at 16.)  Reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.[5]  Moreover, allowing a significant reduction would result in a sentence disparity as the court recently denied a similar motion by co-Defendant Meraz-Leyva.  (*See* Doc. 295.)

After reviewing Defendant's submissions, the court finds that the imposed 168-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

## III.    Conclusion

Defendant's motions for compassionate release (Doc. 300) and to reduce sentence (Doc. 302) are DENIED.

---

[5] Although Defendant initially sought a time served reduction, Defendant also asserts in his reply brief that he is alternatively seeking a partial reduction.  Defendant does not identify how much of a reduction he seeks.  (Doc. 304 at 4.)  After reviewing the factors under § 3553(a) as set forth herein, the court finds that a partial reduction of his sentence is also unwarranted.

IT IS SO ORDERED.  Dated this 31st day of May, 2022.

                                      __ s/ John W. Broomes _____
                                      JOHN W. BROOMES
                                      UNITED STATES DISTRICT JUDGE