IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No.  15-10152-1-JWB

FELIZARDO URIAS-AVILEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to reduce sentence (Doc. 306). The motion has been fully briefed and is ripe for decision. (Docs. 307, 308.) Defendant's motion is DENIED for the reasons set forth herein.

**I.   Facts and Procedural History**

On July 11, 2016, Defendant pleaded guilty to a charge of conspiracy to distribute methamphetamine. (Doc. 114.) The Presentence Investigation Report (PSR) showed that Defendant worked with a number of other individuals to obtain and distribute methamphetamine throughout the Wichita, Kansas, area. (Doc. 159 at 7–8.) In calculating the total offense level, two points were added pursuant to U.S.S.G. § 3B1.1(c) due to Defendant's role as an organizer, leader, manager, or supervisor in the criminal activity. (Doc. 159 ¶ 78.) Defendant objected to this adjustment. (*Id.* ¶ 160.)

The calculated sentencing range under the guideline provisions was 168 to 210 months. (*Id.* ¶ 129.) On October 3, 2016, sentencing was held. The court adopted the PSR, overruled the objection, and sentenced Defendant to 168 months imprisonment. (Docs. 173, 174.) On October 15, 2020, Defendant filed his first motion for compassionate release arguing that medical conditions place him at increased risk of life-threatening complications or death should he contract

COVID-19 while in custody.  (Doc. 285.)  In January 2021, the court denied the motion after considering the statutory sentencing factors which did not support a reduction and further determined that Defendant had not shown that he would receive better treatment or face less risk of COVID-19 if released.  (Doc. 288 at 5–6.)

On April 14, 2022, Defendant filed a second motion for compassionate release arguing that his serious health conditions warrant release, that he is needed to care for his two sons, and because his defense counsel was ineffective in failing to ask for a reduction in his sentence.  (Doc. 300.) On May 9, 2022, Defendant filed a motion to reduce his sentence based on Amendment 782 of the Sentencing Guidelines.  (Doc. 302.)  The court denied both motions.  (Doc. 305.)

On November 27, 2023, Defendant filed this motion for a reduction in his sentence under § 3582(c)(2) based on a change in the sentencing guidelines.

**II.    Analysis**

Defendant seeks a reduction in his sentence on the basis that Amendment 821 to the Sentencing Guidelines provides an adjustment for zero-point offenders.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.  *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."  *See* United States

Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 12, 2024).

Defendant is a zero-point offender. (Doc. 159 ¶¶ 88–89.) However, in order to receive an adjustment under the amended guideline, Defendant must also meet other criteria. *See* § 4C1.1. (stating that "if the defendant meets **all** of the following criteria" then "decrease the offense level . . . by 2 levels.") One of those requirements is set forth in § 4C1.1(a)(10) which reads as follows: "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." In this case, Defendant received an adjustment under § 3B1.1 although he was not engaged in a continuing criminal enterprise. Under a plain reading of the provision, he is ineligible. *See United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024). Defendant urges the court to read this provision as disqualifying a defendant only when he received an adjustment **and** was engaged in a continuing criminal enterprise. (Doc. 308.) Defendant fails to cite to any authority for this proposition and, in fact, the courts interpreting this provision have determined that the plain language of the guideline precludes a defendant when he has either received an adjustment under § 3B1.1 or was engaged in a continuing criminal enterprise. *See Read-Forbes*, 2024 WL 382638, at *1; *United States v. Diaz-Pellegaud*, No. 4:09-CR-40029, 2024 WL 417105, at *2 (D.S.D. Feb. 5, 2024) (same) (citing cases); *see also United States v. Castaneda Mendez*, No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024) (finding that the plain language and context of § 4C1.1(a)(10) excluded any defendant who either had an aggravating role enhancement or engaged in a continuing criminal enterprise)). This interpretation is consistent with the language of the guideline which requires a defendant to meet all requirements.

Further, Defendant asserts that the Sentencing Commission has plans to amend the language in § 4C1.1(a) which must mean that he would be eligible under the current language. (Doc. 308 at 2.)  Defendant is correct that there is a proposed amendment; however, it further **clarifies** that the Sentencing Commission intended to exclude any defendant who had received an adjustment under § 3B1.1 or was engaged in a continuing criminal enterprise.  *See* Sentencing Guidelines for United States Courts, 88 FR 89142-01, *89163, 2023 WL 8874598 (Dec. 26, 2023) (proposing an amendment to § 4C1.1(a) by striking paragraph (10) and inserting the following new paragraphs: "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848.")  Defendant fails to cite to any authority that supports his interpretation of the provision under its current form.  Therefore, under the plain language and context of § 4C1.1(a) and the clear intention of the Sentencing Commission, the court finds that Defendant has not shown that he would be eligible for relief.

**III.    Conclusion**

Defendant's motion to reduce sentence (Doc. 306) is DENIED.

IT IS SO ORDERED.  Dated this 14th day of  February 2024.

      __s/ John W. Broomes_____
      JOHN W. BROOMES
      UNITED STATES DISTRICT JUDGE